UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22645-KMM

NIMBUS BOAT RENTAL, CORP., *et al.*,

    Plaintiffs,

v.

ANGEL GARCIA, *et al.*,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants' request to vacate the arrest of the F/V Nirvana, a 105-foot Rodman bearing Hull No. DLZ138521512 (the "Vessel"). (ECF No. 25). Therein, Defendants filed their claim of interest and entitlement to the Vessel and moved for an Order to Show Cause on why the arrest of the Vessel should not be vacated. *Id*. at 1; 8. The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge pursuant to the Court's August 22, 2022 Order. *See* (ECF No. 14). Magistrate Judge Louis entered an Order requiring Plaintiffs to show cause in writing why, among other topics, the arrest of the Vessel should not be vacated. (ECF No. 27). Plaintiffs filed a Response (ECF No. 28) and Magistrate Judge Louis set an evidentiary hearing to show cause on September 19, 2022, which continued on September 20, 2022, and September 27, 2022. (ECF Nos. 47, 50, 63).

On October 7, 2022, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 63), recommending that Defendants' request to vacate the arrest of the Vessel be GRANTED, the arrest of the Vessel be VACATED, the Warrant of Arrest *In Rem* (ECF No. 17) be QUASHED, and the Vessel be RELEASED. R&R at 19. Magistrate Judge Louis also

recommended that Plaintiffs be ordered to reimburse Defendants in accordance with Local Admiralty Rule C(7).  *Id*.  No objections to the R&R were filed, and the time to do so has now passed.  The matter is now ripe for review.  As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In her Report and Recommendation, Magistrate Judge Louis recommends the Warrant of Arrest *In Rem* (ECF No. 17) be QUASHED for three reasons.  *See generally* R&R.  First, Magistrate Judge Louis finds that the warrant is deficient because this action is functionally brought under Supplemental Rule D but Plaintiffs have, at all stages of briefing and at the evidentiary hearings, represented that this is an action under Supplemental Rule C; and to the extent that Plaintiffs insist the action is brought pursuant to Supplemental Rule C, Plaintiffs have

not explained how they hold a valid maritime lien against the Vessel.  *See* R&R at 10–12.  Further, Magistrate Judge Louis finds that having been issued under Supplemental Rule C pursuant to a certification of exigent circumstances, Plaintiffs have failed to establish that exigent circumstances actually existed.  *Id*. at 12–15.  Lastly, recognizing that the action is functionally brought under Supplemental Rule D, Magistrate Judge Louis concludes that the evidence Plaintiffs put forward to establish their claim of ownership and right to title fails to establish a prima facie case that they have been wrongfully deprived of the Vessel and title thereto.  *Id*. at 15–19.  This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 64) is ADOPTED.  Defendant's request to vacate the arrest of the Vessel is GRANTED, the arrest of the Vessel be VACATED, the Warrant of Arrest *In Rem* (ECF No. 17) is QUASHED, and the Vessel shall be RELEASED.  Plaintiffs are ordered to reimburse Defendants in accordance with Local Admiralty Rule C(7).

DONE AND ORDERED in Chambers at Miami, Florida, this _18th_ day of October 2022.

                                                        K. MICHAEL MOORE
                                                       UNITED STATES DISTRICT JUDGE

c:  All counsel of record