## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22645-KMM

NIMBUS BOAT RENTAL, CORP.,
CRISTIAN VALDES, and
ELAINE LEYVA,

      Plaintiffs,

v.

ANGEL GARCEL and
JET SKIS IN MIAMI, CORP., *in personam*, and
F/V NIRVANA; a 2005, 105 ft. RODMAN,
her engines, boats, tackle, apparel, and furnishings,
Hull Number DLZ138521512, *in rem*,

      Defendants.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon the Amended Verified Motion for Attorney's Fees (ECF No. 83), filed by Defendants Angel Garcel and Jet Skis in Miami Corp.  Plaintiffs Nimbus Boat Rental, Corp., Cristian Valdes, and Elaine Leyva filed an Objection and Dispute to the Amount and Total Sum of Attorneys' Fees and Costs.  (ECF No. 87).  Defendants also filed a Supplement in support of the Motion (ECF No. 89), to which Plaintiffs filed a Continuing Objection (ECF No. 92).  The matter has been referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Amended Verified Motion.  (ECF No. 86).  Having reviewed the Amended Verified Motion and Supplement, the materials attached thereto, Plaintiffs' Objection and Continuing Objection, the record as a whole,

and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Amended Verified Motion (ECF No. 83) be **GRANTED, in part**, and **DENIED, in part**, as further set forth below.[1]

## I.   BACKGROUND

This action to try title to and recover possession of the F/V *Nirvana* (the "Vessel") was brought under the Court's admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiffs Nimbus Boat Rental Corp., Cristian Valdes, and Elaine Leyva alleged that Defendant Angel Garcel and his company Jet Skis in Miami, Corp. unlawfully deprived Plaintiffs of possession and title to the Vessel without consent and failed to return the Vessel upon demand.  Plaintiffs asserted eight causes of action against Defendants in their Complaint: (1) an *in rem* claim for the arrest of the Vessel; and *in personam* claims for (2) conversion; (3) imposition of a constructive trust; (4) unjust enrichment; (5) an accounting; (6) malicious prosecution; (7) intentional infliction of emotional distress; and (8) abuse of process. In their *in rem* claim for the arrest of the Vessel, Plaintiffs requested that "Plaintiff Nimbus be decreed the rightfully titled owner of the vessel."  (ECF No. 1 at 15).

Upon filing the Complaint, Plaintiffs also filed a Verified Motion for Issuance of a Warrant of Arrest and/or Summons (ECF No. 8) and an Emergency Hearing Request (ECF No. 9) as to that motion, with a certificate of emergency based on exigent circumstances, pursuant to Local Admiralty Rule C(2)(b).  As a result, on August 22, 2022, the District Court entered an Order directing the Clerk to issue a warrant of arrest *in rem* against the Vessel (ECF No. 11), pursuant to Supplemental Rule C and Local Admiralty Rule C(2)(b), which was issued and was executed on August 23, 2022, (ECF Nos. 17, 26).

---

[1]  Defendants' initial Verified Motion for Attorney's Fees (ECF No. 74) was denied, as moot, in light of the filing of the instant Amended Verified Motion.  (ECF No. 84).

On September 1, 2022, Defendants timely filed their Verified Statement of Right or Interest in a 2005 105' Rodman, Hull Identification Number DLZ138521512 and incorporated Motion for Order to Show Cause (ECF No. 25) (the "Claim"), pursuant to Supplemental Rule C(6)(a)(i) and Local Admiralty Rule C(6)(a).   (ECF No. 25).   Defendants' Claim asserted that Plaintiffs (1) fabricated the emergency that led to the issuance of the Warrant of Arrest *In Rem*, (2) provided the Court with recalled title for the Vessel, and (3) failed to disclose the existence of a prior state court action involving the same issues here.  Defendants' Claim incorporated a motion for order to show cause.

On September 7, 2022, the request for an order to show cause was granted, and the undersigned entered an Order requiring Plaintiffs to show cause in writing why (1) the arrest of the Vessel should not be vacated, (2) exigent circumstances existed requiring the issuance of the Warrant of Arrest *In Rem* (ECF No. 17), and (3) the Court should not award attorney's fees, costs, and expenses incurred by Defendants owing to the arrest of the Vessel.  (ECF No. 27).  The matter was also set for an evidentiary hearing, which was held on September 19, 2022, and continued on September 20, 2022, and September 27, 2022.

In light of the evidence and argument advanced at the show cause hearings, the undersigned entered a Report and Recommendations (ECF No. 64), which recommended granting Defendants' request to vacate the arrest of the F/V *Nirvana*, vacating the arrest of that Vessel, quashing the Warrant of Arrest *In Rem* (ECF No. 17), and releasing the Vessel to Defendants.  The undersigned also recommended that Plaintiffs be ordered to reimburse Defendants in accordance with Local Admiralty Rule C(7).  No objections to the Report and Recommendations were filed.

On October 18, 2022, the District Court adopted the Report and Recommendations.  (ECF No. 66).  In adopting the Report and Recommendations, and as relevant here, the District Court

ordered Plaintiffs to reimburse Defendants in accordance with Local Admiralty Rule C(7).

Now, Defendants move for an award of attorney's fees and costs against Plaintiffs. Defendants' initial motion was denied as moot upon the filing of the Amended Verified Motion, after the Court ordered Defendants to revise the fee demand to correct for fees improperly sought. *See* (ECF Nos. 81, 84). The Court also ordered further supplementation regarding required information under Southern District of Florida Local Rule 7.3(a)(4) and (a)(5)(A) that was missing from the Amended Verified Motion. *See* (ECF No. 88).

## II.  DISCUSSION

The Court first turns to Defendants' entitlement to an award of fees and costs under Local Admiralty Rule C(7) before assessing the amount of the award.[2]

### A.  Entitlement to Attorney's Fees and Expenses

It is well-established under the "American Rule" that "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Pursuant to Southern District of Florida Local Admiralty Rule C(7), the Court may enter an award of attorney's fees and costs as a result of the arrest of a vessel upon vacating the arrest of that vessel. Local Admiralty Rule C(7) provides in full as follows:

> Coincident with the filing of a claim pursuant to Supplemental Rule E(4)(f), and Local Admiralty Rule C(6)(a), the claimant may also file and serve a motion and proposed order directing plaintiff to show cause why the arrest should not be vacated. If the Court grants the order, the Court shall set a date and time for a show cause hearing. Thereafter, if the Court orders the arrest to be vacated, the Court

---

[2] Though this action was dismissed without prejudice on June 8, 2023, for lack of subject matter jurisdiction, the Court retains jurisdiction to enter an award of attorney's fees and costs. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 964–65 (11th Cir. 2008) ("While it is true that a district court may not adjudicate the merits of a claim once it has determined that it lacks subject matter jurisdiction, that is not what we have here. The court's award of attorney's fees was collateral to the merits of the case and was therefore within the court's jurisdiction, even after the court determined it lacked subject matter jurisdiction over the underlying suit.").

shall award attorney's fees, costs, and other expenses incurred by any party as a result of the arrest.

Additionally, if the seizure was predicated upon a showing of "exigent circumstances" under Local Admiralty Rule C(2)(b), and the Court finds that such exigent circumstances did not exist, the Court shall award attorneys' fees, costs and other expenses incurred by any party as a result of the seizure

S.D. Fla. L. Adm. R. C(7).

Authority in this District recognizes that because Local Admiralty Rule C(7) is substantive in nature, it is likely that "the drafters of Local Rule[] . . . C(7) intended to provide parties with express notice of the traditional maritime principle that allows for the award of attorneys' fees in wrongful seizure cases." *Middleton v. M/V GLORY SKY*, No. 13-CV-21588, 2017 WL 10718508, at *3 (S.D. Fla. Jan. 5, 2017), *report and recommendation adopted*, No. 13-21588-CIV, 2017 WL 10718509 (S.D. Fla. Jan. 19, 2017) (citing *Panama Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, No. 08-21213-CIV, 2009 WL 812714, at *5–6 (S.D. Fla. Mar. 26, 2009)); *see Panama Shipping Lines*, 2009 WL 812714, at *3–5 (discussing the fee-shifting provisions of Local Admiralty Rule C(7) within the context of the Rules Enabling Act, 28 U.S.C. § 2072, and Federal Rule of Civil Procedure 83(a)). Accordingly, authority in this District observes that maritime principles thus require the party moving for fees and costs to "demonstrate that the plaintiff acted in bad faith, with malice, or with wanton disregard for the rights of his opponent in initiating suit." *Id.* (collecting cases). Indeed, it "is an established principle of maritime law that one who suffers a wrongful attachment may recover damages from the party who obtained the attachment, provided he prove that such party acted in bad faith." *Furness Withy (Chartering), Inc., Panama v. World Energy Sys. Assocs., Inc.*, 854 F.2d 410, 411 (11th Cir. 1988).

Plaintiffs do not object to Defendants' entitlement to an award of attorney's fees and costs under Local Admiralty Rule C(7), and thus entitlement is not in dispute. Indeed, in this case the

District Court ordered that the arrest of the Vessel be vacated and ordered Plaintiffs to reimburse

Defendants in accordance with Local Admiralty Rule C(7).

Further, the arrest of the Vessel was predicated on the purported existence of exigent

circumstances that the Court found did not exist.  Specifically, the Report and Recommendations

found as follows:

> Plaintiffs' response to the Court's Order to Show Cause travels on allegations that
> Defendants (1) have been using the Vessel to operate illegal charter operations,
> (2) have intentionally disregarded the Vessel's maintenance, and (3) were
> threatening to sell or damage the Vessel.  Indeed, the Verified Complaint averred
> that the Vessel was "subject to imminent removal from the Court's jurisdiction,
> damage, destruction or other damage," and that "Defendants are actively seeking
> to illegally sell and liquidate the value of the vessel estimated to be valued over 2.5
> million dollars[.]"  (Complaint ¶ 12); *see also* (*id.* ¶ 87).  But there has been no
> showing why circumventing judicial review was actually necessary in this case.  In
> fact, Plaintiffs had previously litigated an action against Defendants in state court
> in connection with the Vessel for nearly a month before bringing this action in
> federal court.
>
> Moreover, it became apparent at the September 27, 2022 Show Cause Hearing that
> Plaintiffs' certification of exigent circumstances and references thereto in the
> Verified Complaint were not accurate.  As evidence that Defendants were
> imminently going to sell the boat, Plaintiffs attached a listing to the Verified
> Complaint.  (ECF No. 1-5).  Evidence developed at the hearing reveals that this is
> *Plaintiffs'* listing for *Plaintiffs'* sale of the Vessel, not Defendants' listing.  The
> evidence that Defendants were imminently going to sell the boat, according to
> Valdes's testimony on September 27, 2022, was based on screenshots from a local
> area boat captain WhatsApp group, which have never been provided to the Court;
> taking Valdes's testimony at face value, he was shown the WhatsApp message on
> which he relies sometime in July—weeks if not a month before the Emergency
> Motion was filed.  Moreover, Plaintiffs' Response averred that the Vessel was not
> in compliance with insurance requirements, yet Valdes testified that the Vessel had
> insurance.

(ECF No. 64 at 13–14) (footnote omitted).  The Court found based on the foregoing facts

developed at the hearing that no exigent circumstances existed at the time Plaintiffs certified the

existence of exigent circumstances warranting circumventing judicial review.  No objections to

the Report and Recommendations were filed and the Report and Recommendations was adopted

in full.  The facts found in the Report and Recommendations support a finding that the arrest of the Vessel in this case was not in good faith and that Defendants are entitled to fees and costs. Indeed, the District Court's order adopting the Report and Recommendations requires Plaintiffs to reimburse Defendants under Local Admiralty Rule C(7).  Plaintiffs have not disputed Defendants' entitlement to an award of fees and costs.

Thus, the Court finds that Defendants are entitled to an award of fees and costs resulting from the seizure and the Court turns to the amount of the award.

**B.      Award of Attorney's Fees**

Turning to the amount of the award, Defendants seek to recover $91,202.50 in attorney's fees and $3,783.68 in costs incurred in connection with the arrest of the Vessel.  In support of their request for attorney's fees, Defendants have filed a spreadsheet identifying the individual time entries for which they seek an award of fees.  (ECF No. 83-1).  Specifically, Defendants seek entry of an award of: (i) $24,287.50 in fees for 33.5 hours billed by attorney Javier A. Lopez, at an hourly rate of $725.00; (ii) $59,510.00 in fees for 108.2 hours billed by attorney Facundo M. Scialpi at an hourly rate of $550.00; (iii) $742.50 in fees for 0.9 hours billed by then-attorney Corali Lopez-Castro, at an hourly rate of $825.00;[3] and (iv) $6,662.50 in fees for 20.5 hours billed by paralegal Farola Saint-Remy at an hourly rate of $325.00.

**1.      Applicable Law**

In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit apply the "lodestar" method to calculate an objective estimate of the value of an attorney's services.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that

---

[3]  The Honorable Corali Lopez-Castro has since been appointed as a United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of Florida.

the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 1350 n.2 (citing *Johnson*, 488 F.2d at 717–19).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut. *Bivins*, 548 F.3d at 1350; *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing a party's fee request with an across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts

need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

### 2.    Reasonable Hourly Rate

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299).  This Court is deemed an expert on the issue of hourly rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1301).

As noted above, Defendants seek an award of fees for attorney Javier A. Lopez, at an hourly rate of $725.00, attorney Facundo M. Scialpi at an hourly rate of $550.00, and paralegal Farola Saint-Remy at an hourly rate of $325.00.  Because the request for fees in the Amended Motion was not supported by any explanation of the experience and qualifications of the timekeepers for whom fees are sought, the Court was unable to assess the reasonableness of the rates sought and thus ordered Defendants to supplement their Amended Motion.  Defendants filed a Supplement, and Plaintiffs filed a continued objection, asserting that the supplemental information is not sufficient to establish the reasonableness of the rates sought.

The Court has reviewed the qualifications and experience for each of the timekeepers as proffered in the Supplement to the Amended Motion.  Plaintiffs complain that Defendants failed to substantiate the rates sought with evidence.  However, Plaintiffs failed to comply with Local Rules 7.3(a), which requires a party opposing hourly rates to identify the rates at which its own attorneys were compensated.  S.D. Fla. L.R. 7.3(a) ("If a party objects to an hourly rate, its counsel

must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate.").  Having not done so, Plaintiffs' objection to the rates sought can be overruled on this basis alone.  However, despite supplementation, Defendants have not established that the rates they seek for Lopez, Scialpi, and Saint-Remy are reasonable and thus the Court recommends approval of fees at the following rates.[4]

As to Lopez, the Supplement to the Amended Motion explains that he is a partner and co-chair of the complex and commercial litigation practice at Kozyak Tropin & Throckmorton, where he handles large and complex litigation matters.  Lopez's public profile on the Florida Bar website states that he has been admitted to practice in Florida since October 10, 2005, thus he had approximately 17 years of experience at the time of the hearings in the instant matter.  Lopez submitted a declaration in another case in this District in 2021 in which he explained that he had been practicing law in Miami since 2005 and had litigated hundreds of cases in state and federal court.  *See Lima v. Lee*, No. 20-82399-CIV, 2021 WL 5919042, at *4–5 (S.D. Fla. Dec. 15, 2021).

The Court has considered Lopez's prior fee awards in this District, prior fee awards in this District for attorneys with similar years of experience, and prior awards in other complex maritime and admiralty cases in this District, and finds that a rate of $600.00 per hour is reasonable and comparable to other complex maritime and admiralty cases in this District.  *See Am. Marine Tech, Inc. v. M/Y ALCHEMIST*, No. 19-CV-60636, 2022 WL 4345297, at *4–5 (S.D. Fla. Sept. 9, 2022), *report and recommendation adopted*, No. 19-60636-CIV, 2022 WL 4310894 (S.D. Fla. Sept. 19, 2022) (recommending approval of requested hourly rate of $350.00, which the attorney had discounted from the attorney's usual rate of $500.00 per hour, for an attorney with more than 36

---

[4] Because I find for the reasons below that Defendants cannot recover for the time expended by Judge Lopez-Castro in this case, I make no finding regarding the reasonableness of the hourly rate sought for her here.

years of experience in a case involving maritime liens and breach of a maritime contract, and which culminated in a four-day bench trial after two years of litigation); *see also id.* (recommending approval of requested hourly rate of $350.00 for solo-practitioner with 20 years of experience who was retained as the trial counsel in the case).  Though this hourly rate is higher than that previously awarded to Lopez in 2021, *see Lima*, 2021 WL 5919042, at *4–5 (awarding rate of $400.00 per hour for work performed on a motion to compel), I find that the skill required in this case warrants an hourly rate that accounts for Lopez's trial and courtroom experience.  The rate of $600.00 per hour is likewise consistent with rates awarded in this District for attorneys with similar years of experience practicing complex and commercial litigation as Lopez.  *See Acuna v. Med.-Com. Audit, Inc.*, No. 9:21-CV-81256-WPD, 2022 WL 1597814, at *2 (S.D. Fla. May 20, 2022) (finding a rate of $500.00 per hour reasonable in an FDCPA class action for a senior partner with 17 years of experience).

Second, I find that the rate of $550.00 per hour requested for Scialpi exceeds the market rate.  In the Supplement, Defendants represent that Scialpi's practice focuses on complex litigation and that he has prior trial experience as an Assistant Public Defender.  Notwithstanding, Scialpi's public profile on the Florida Bar website reflects that he has been admitted to practice in Florida since September 20, 2021, and thus he was an attorney with a little more than one year of licensed experience at the time of the show cause hearings in this case.  A rate of $300.00 per hour is in line with rates for newly licensed attorneys previously approved in this District.  *See Minden Pictures, Inc. v. SEPI Mktg. Corp.*, No. 0:22-cv-62135-KMM, 2023 WL 7490765, at *3 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, No. 0:22-cv-62135-KMM, ECF No. 29 (S.D. Fla. Oct. 12, 2023) (approving $300.00 hourly rate for an associate attorney with approximately 2 years of experience).

Last, I recommend that fees be awarded for work performed by paralegal Saint-Remy at a rate of $125.00 per hour.  The Amended Motion, as supplemented, explains that Saint-Remy has been registered as a paralegal with the Florida Bar for over 10 years, since 2011, with certifications in e-discovery and project management and experience supporting 15 state and federal trials. Notwithstanding, rates of no more than $125.00 per hour are typically found reasonable in the Southern District of Florida when assessing rates for time billed by paralegals.  *See, e.g.*, *Ferrer v. TK Promotions, Inc.*, No. 1:21-CV-20929-JB, 2023 WL 4295319, at *5 & n.3 (S.D. Fla. June 29, 2023) (reducing request of $150.00 hourly rate to $125.00 for time billed by a paralegal with eleven years of experience and a master's degree).  I recommend that the rate for Ms. Saint-Remy be approved accordingly.

### 3.      Reasonable Number of Hours Expended

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation.  The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).  The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award.  *Id.* at 428.  Counsel must have reliable evidence to support hours that are claimed.  *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988).  If the fee applicant fails to exercise the required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary."  *Id.*

As noted earlier, Defendants seek to recover fees for 33.5 hours billed by Lopez, 108.2 hours billed by Scialpi, 0.9 hours billed by now-Judge Lopez-Castro, and 20.5 hours billed by Saint-Remy, representing an aggregate total of 163.1 hours billed by three attorneys and one paralegal in this matter.  Defendants have supported their request for these hours by filing a spreadsheet listing time entries recorded by each timekeeper.  (ECF No. 83-1).  Plaintiffs note that the evidentiary hearings in this matter lasted 10.5 hours of in-court time in total, though the Court calculates that figure as 11.2 hours across September 19, 20, and 27 of 2022, based on the Court's minutes for the hearings.  *See* (ECF Nos. 47, 50, 63).  Plaintiffs do not oppose that time spent preparing for the hearings would be reasonably incurred, but argue that the time sought here—163.1 hours in connection with 11.2 hours of hearings—is unreasonable as redundant or unnecessary, duplicative, and lacking exercise of proper billing judgment.

In this case, the Vessel was arrested on August 23, 2022.  (ECF No. 26).  Evidentiary hearings were held on September 19, 20, and 27.  (ECF Nos. 47, 50, 63).  Following those hearings, the undersigned entered a Report and Recommendations on October 7, 2022 recommending that the arrest be vacated.  (ECF No. 64).  No objections were filed; the Report and Recommendations was adopted and the arrest of the Vessel was vacated on October 19, 2023.  (ECF No. 66).  Review of the time entries reflect that the fees sought here are for work performed starting on August 21, 2022 around when the Vessel was arrested, through September 30, 2022 shortly after the last evidentiary hearing.  (ECF No. 83-1).  Plaintiffs' objections to the time entries do not comply with Local Rule 7.3(a).  Nor do they provide meaningful specificity for the Court to apply in reviewing the time entries.  Rather, in broad strokes Plaintiffs complain that the case was overstaffed and the descriptions are too vague.  I disagree.  Having presided over three evidentiary hearings, I readily find the unique value added by Lopez and Scialpi to the litigation of this case, and find their time

entries sufficiently detailed (in conjunction with review of the docket in this case as a whole) to support their claim for the time incurred.

Moreover, Lopez, Scialpi, and Saint-Remy have patently exercised billing judgment. Defendants' counsel initially sought to recover 273.7 hours of billed time, but they now seek to recover only 163.1 of those hours, having reduced their request after discussion at the status conference in May 2023. Plaintiffs' observation that this is ten-times the number of hours spent in court is unexplained, at best; any trial attorney expects to spend the lion's share of her time outside of court, preparing. Defendants' good billing judgment is further demonstrated by their utilization of one attorney, Scialpi, to perform most of the tasks, which minimizes duplication of efforts.[5]

Accordingly, the undersigned does not recommend any reduction in the number of hours sought, and finds the time evidenced in Defendants' submission is reasonable.

### 4.    Lodestar Calculation

Taking the reasonable number of hours billed by each timekeeper and multiplying by the reasonable hourly rate for each timekeeper, the Court determines that the lodestar amount totals **$55,122.50** in fees reasonably incurred in this case. A table summarizing the calculation of this figure is provided below.

| Timekeeper | Rate Approved | Hours Approved | Total |
|---|---|---|---|
| Javier A. Lopez | $600.00/hour | 33.5 hours | $20,100.00 |
| Facundo M. Scialpi | $300.00/hour | 108.2 hours | $32,460.00 |
| Farola Saint-Remy | $125.00/hour | 20.5 hours | $2,562.50 |
| | | | **$55,122.50** |

There is a "strong" presumption that this lodestar figure is reasonable. *Perdue v. Kenny A.*

---

[5] This is with one exception, however. The firm staffed then-attorney Lopez-Castro briefly and solely to review a draft prepared by Scialpi. Only one of those two billers will be included in this award, and again, recognizing that Scialpi was the predominant biller in this matter and at the lowest hourly rate, I have included his time, but not the 0.9 hours incurred by now-Judge Lopez-Castro.

*ex rel. Winn*, 559 U.S. 542, 554 (2010).  The Court thus finds that the foregoing lodestar calculation is reasonable and that no adjustment to the lodestar amount is warranted.  Accordingly, the undersigned will recommend that the District Court award attorney's fees in that amount.

### C.    Award of Costs and Expenses

In addition to attorney's fees, Defendants seek to recover $3,783.68 in costs incurred in connection with seeking to vacate the arrest of the Vessel.  This amount consists of $1,487.50 in private investigator fees, $253.00 in process server fees, $443.18 in legal research fees, and $1,600.00 in witness fees.  This amount is itemized in a spreadsheet filed in support of the Amended Verified Motion.  (ECF No. 83-2).  Plaintiffs object to the entry of an award of costs, arguing that Defendants have not substantiated how the particular costs sought relate to the arrest of the Vessel and that some of the costs sought were not necessary to secure vacatur of the arrest.

The Local Rules of the Southern District of Florida require that any motion for fees and/or non-taxable expenses and costs shall "describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920."  S.D. Fla. L.R. 7.3(a)(6).  Here, Defendants' request for costs in connection with vacating the arrest of the Vessel is not supported by any documentation or invoices evidencing the costs sought.  Rather, the request for costs is supported only by an attorney-prepared spreadsheet listing the costs incurred for which Defendants seek recovery.  In this respect, the Amended Verified Motion's request for costs fails to comply with the Local Rules.  The request for costs should be denied on that ground for failure to substantiate, with documentary evidence, the costs incurred.

## III.    RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendants' Amended Verified Motion for Attorney's Fees (ECF No. 83) be **GRANTED, in part**, and **DENIED, in**

**part**, and that Defendants be awarded **$55,122.50** in fees and **$0.00** in costs, pursuant to Southern District of Florida Local Rule 7.3(a) and Local Admiralty Rule C(7).

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 3rd day of January, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE


Copies to:
Honorable K. Michael Moore
Counsel of Record